1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                     AT TACOMA

9   COLUMBIA RIVERKEEPER,

                    Plaintiff,                    Case No.  09-5427RJB

10                                                ORDER RE PLAINTIFF'S
            v.                                    REQUEST FOR STATUS
11                                                CONFERENCE

    HAMBLETON BROS. LUMBER CO., INC.,
12  d/b/a HAMBLETON BROS. LOG YARD;
    HAMBLETON LUMBER CO., LLC, d/b/a
13  HAMBLETON BROS. LOG YARD,

14                  Defendants.

15          This matter comes before the Court on Plaintiff's Request for Status Conference (Dkt.

16  30).  The Court has considered the filings and the relevant documents.

17          This case involves violations of the Clean Water Act by Defendants and violations of

18  Defendants' National Pollutant Discharge Elimination System ("NPDES") permit.  Dkt. 1.  On

19  May 12, 2010, the Court issued an Order granting withdrawal of counsel for Hambleton Lumber

20  Company due to a conflict of interest between the two Defendants.  Dkt. 24.  The Court

21  reminded Defendant Hambleton Lumber Co. that if it did not retain counsel in a reasonable

22  amount of time that entry of default may occur.  Dkt. 24, p. 2.

23          On June 23, 2010, Plaintiff filed a request for a status conference to inform the Court of

24

ORDER - 1

the status of the case and to discuss the representation of Hambleton Lumber Co. by counsel.

Dkt. 30, p. 1.  Plaintiff explains that it has served Hambleton Lumber Co. with several discovery

requests, but has not received any responses.  Dkt. 30, p. 3.  Plaintiff states that, upon

information and belief, Hambleton Lumber Co. is in the process of vacating the property that is

the subject of this lawsuit and may soon be dissolved as a company.  *Id*.  Plaintiff requests a

status conference to discuss the status of the case, trial and pre-trial dates, and the representation

of Hambleton Lumber Co. by counsel in this litigation.  *Id*.

The Court believes that a status conference is not required in this situation.  Local Rule

GR 2(g)(4)(B) states:

> A business entity, except a sole proprietorship, must be represented by counsel.  If
> the attorney for a business entity, except a sole proprietorship, is seeking to
> withdraw, the attorney shall certify to the court that he or she has advised the
> business entity that it is required by law to be represented by an attorney admitted
> to practice before this court and that failure to obtain a replacement attorney by
> the date the withdrawal is effective may result in the dismissal of the business
> entity's claims for failure to prosecute and/or entry of default against the business
> entity as to any claims of other parties.

Local Rule GR 3(d) provides that a party who without just cause fails to comply with any of the

Federal Rules of Civil Procedure, or these rules, or orders of the court…  .  may, in addition to,

or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the

court to satisfy personally such excess costs, and may be subject to such other sanctions as the

court may deem appropriate.

Defendant Hambleton Lumber Co. was notified by the Court and by Defendant's

previous counsel that it is required to be represented by counsel in this litigation.  *See* Dkt. 24.

The Court gave reasonable time for Defendant Hambleton Lumber Co. to find counsel.  As of the

date of this order, the Defendant has not acquired counsel.  The lack of counsel is preventing

Plaintiff from moving forward and is delaying this litigation.  Defendant Hambleton Lumber Co.

1  is reminded once again that it must retain counsel in accordance with the Local Rules and this

2  Court's Order.  Defendant Hambleton Lumber Co. is given until July 12, 2010 to find counsel

3  and have that person make an appearance in accordance with the Local Rules.  Failure to make

4  an appearance may result in an entry of default against Defendant Hambleton Lumber Co. and

5  other sanctions that this Court deems appropriate.

6    The Court does hereby find and **ORDER**:

7    (1)  Plaintiff's Request for Status Conference (Dkt. 30) is **DENIED**;

8    (2)  Defendant Hambleton Lumber Co. is directed to have counsel make an

9      appearance on or before July 12, 2010; and

10    (3)  The Clerk is directed to send copies of this Order to all counsel of record and to

11      Defendant Hambleton Lumber Co., LLC at the its last known address.

12    DATED this 28th day of June, 2010.

13

14  

15  ROBERT J. BRYAN
  United States District Judge

16

17

18

19

20

21

22

23

24

ORDER - 3